NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  HAWAII ISLAND AIR, INC., | No.    20-17371 |
| Debtor, | D.C. Nos. |
| _____ | 1:19-cv-00655-LEK-WRP |
| ISLAND LEASING, LLC, | 1:19-cv-00681-LEK-WRP |
| Appellant, | |
| v. | MEMORANDUM* |
| ELIZABETH A. KANE, Bankruptcy Trustee; AAR SUPPLY CHAIN INC., | |
| Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted July 11, 2023
Seattle, Washington

Before:  GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Appellant Island Leasing, LLC, appeals a judgment of the district court

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

affirming, in relevant part,[1] the bankruptcy court's decision allowing the Chapter 11 trustee in this case to avoid, under 11 U.S.C. § 547(b), a $400,000 pre-petition payment that the debtor, Hawaii Island Air, Inc. ("Debtor"), made to Island Leasing, and declaring that Island Leasing had no security interest in or title to certain aircraft parts that it claims to have purchased from Debtor. The parties' dispute turns on whether Island Leasing's purported purchase of these parts was, in reality, a loan to Debtor for which Debtor's subsequent $400,000 transfer was partial repayment. After a three-day trial, the bankruptcy court determined that this transaction was a loan.

We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We "review *de novo* the district court's decision on appeal from a bankruptcy court." *In re Tillman*, 53 F.4th 1160, 1166 (9th Cir. 2022) (citing *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010)). "'We apply the same standard of review applied by the district court' and 'review [the] bankruptcy court decision independently and without deference to the district court's decision.'" *Id.* (quoting *Decker*, 617 F.3d at 1109). Reviewing the bankruptcy court's determination for clear error, *In re Straightline Invs., Inc.*, 525 F.3d 870, 880 (9th Cir. 2008); *In re Woodson Co.*, 813 F.2d 266, 270 (9th Cir. 1987), we affirm.

---

[1] Neither party appealed the part of the district court's order that reversed in part the bankruptcy court.

We conclude that the bankruptcy court's determination that Island Leasing's purported purchase of aircraft parts from Debtor for $800,000 was a loan was not clearly erroneous. In determining whether a transaction is a true sale or a loan, the "substance [of the transaction] control[s]," and the form by which the parties denominated their transaction is not conclusive. *Kawauchi v. Tabata*, 413 P.2d 221, 228 (Haw. 1966); *cf. S & H Packing & Sales Co. v. Tanimura Distrib., Inc.*, 883 F.3d 797, 802 (9th Cir. 2018) (en banc). Here, even though the parties expressly denominated their transaction as an "assignment," the bankruptcy court's determination that the substance of this transaction was a loan was "plausible in light of the record viewed in its entirety[.]" *In re The Vill. at Lakeridge, LLC*, 814 F.3d 993, 1002 (9th Cir. 2016) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985)). The record reflected that: (1) Island Leasing was a significant shareholder in Debtor; (2) Debtor needed $800,000 to cover an imminent payroll shortfall; (3) Debtor agreed to "assign" the aircraft parts to Island Leasing in exchange for $800,000 at the same time as payroll was due; (4) after the assignment, Debtor continued to store the aircraft parts and attempted to find a buyer for them so that Island Leasing could recoup the $800,000; and (5) after the parties found a third-party buyer for most of the parts, Debtor stood to retain all the proceeds from that sale in excess of the $800,000 that was to be returned to Island Leasing. Viewing this evidence as a whole, the bankruptcy court permissibly concluded that the

3

purported sale was in substance an informal loan between related parties seeking to cover Debtor's acute and imminent financial needs and that Island Leasing has no interest in or rights to the parts or any remaining payments from Debtor.

**AFFIRMED.**